## CHARLES MADDEN v. STATE.

No. A-4248. Opinion Filed March 1, 1924.
(223 Pac. 716.)

(Syllabus.)

1. **Perjury—Establishment of Falsity of Defendant's Statement by Circumstantial Evidence.** In a prosecution for perjury, the falsity of the defendant's evidence may be established by circumstantial evidence, but the facts constituting such circumstantial evidence must be directly and positively sworn to by at least one credible witness, supported by corroborating evidence, and, taken as a whole, must be of such a conclusive character as to exclude every other reasonable hypothesis except that of the defendant's guilt.

2. **Trial—Perjury—"Credible Witness" Defined—Jury Exclusive Judges Whether Witness Worthy of Belief.** A "credible witness" is one who, being competent to give evidence, is worthy

of belief, and all witnesses permitted to testify on the trial are competent, and the jury are the exclusive judges as to whether a witness is worthy of belief.

3. **Evidence—Corroboration of Accomplice by Circumstantial Evidence—Sufficiency.** An accomplice to the original crime out of the prosecution for which the perjury arose is competent to testify to the falsity of the accused's statement; but the corroboration of the accomplice's testimony, if based on circumstantial evidence, should be such as to exclude every other reasonable hypothesis than that of the guilt of the defendant of the crime of willful and deliberate perjury when considered in connection with the accomplice's testimony.

4. **Perjury—Requisite Instruction as to Proof by Credible Witnesses.** The trial court instructed the jury: "Before you will be warranted in convicting the defendant, the state must prove by the testimony of at least one witness and corroborating circumstances that the testimony charged by the state to have been given was false." Held, such instruction is erroneous, in that it does not require the testimony of one credible witness supported by corroborating evidence as to the falsity of defendant's statements. In perjury cases the trial court should instruct that the state must prove the falsity of defendant's testimony by at least two credible witnesses or by one credible witness and corroborating circumstances, which, when considered in connection with the direct testimony of the witness, exclude every other reasonable hypothesis except that of the defendant's guilt. In this connection the court should define who are credible witnesses.

5. **Appeal and Error—Conviction for Perjury Set Aside for Insufficiency of Evidence and Instructions as to Degree of Proof Required.** Where the falsity of defendant's statement is based upon the testimony of an accomplice to the original crime, with very slight corroborating evidence, and the evidence as a whole is not such as to exclude every other reasonable hypothesis except that of the guilt of the defendant, and the jury is not instructed that the state must prove the falsity of defendant's testimony by at least one credible witness supported by corroborating circumstances as heretofore defined, the conviction will be set aside because of such instruction and insufficient evidence.

Appeal from District Court, Harper County; Arthur G. Sutton, Judge.

Charles Madden was convicted of perjury, and he appeals. Reversed and remanded.

S. M. Smith and S. A. Horton, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

MATSON, P. J. The defendant testified in the preliminary examination of Dickson, Charles Brankel, Bennett Highfill, and Joseph Hierholzer, charged with robbing the Citizens' State Bank of Salt Springs, that Brankel and Highfill were not to his knowledge at his (defendant's) home on Monday the 28th day of March, 1921, and that they did not with his knowledge and consent take the horse used by Hierholzer on the 30th day of March, 1921, in robbing the Citizens' State Bank of Salt Springs. It is as to the materiality and falsity of this testimony given by the defendant herein in the preliminary examination of those charged with the bank robbery that caused this prosecution.

The undisputed evidence is that Hierholzer, in attempting to rob the Citizens' State Bank at Salt Springs, rode a horse belonging to this defendant, and it is also uncontradicted that the horse which Hierholzer rode on the 30th day of March, 1921, in robbing the bank, was taken from the defendant's premises some time during the night of March 28, 1921. It is apparent that the testimony of the defendant given in the preliminary examination could have been material to connect Hierholzer, Brankel, and Highfill with the robbery of the Citizens' State Bank by means of connecting them with the horse which Hierholzer rode and which was owned by Madden.

Of course, Madden could have refused to have given testimony on the preliminary examination as to any matter

which tended to connect him with the commission of the crime charged or with aiding or abetting therein; but, where he voluntarily testified to any matter to which he could have refused to testify, as to such matter he waived his constitutional privilege against self-incrimination, and perjury may be based upon the testimony so given. People v. Miller, 264 Ill. 148, 106 N. E. 191, Ann. Cas. 1915B, 1240.

This is a very close case on the evidence. The falsity of the defendant's testimony given at the preliminary examination was based alone upon the testimony of one Charles Brankel, whose testimony in the perjury trial placed himself in the category of an accomplice of Madden, or rather places Madden in the category of an accomplice to him in the robbery of the Citizens' State Bank. In order to comply with the rule of this court stated in Metcalf v. State, 8 Okla. Cr. 605, 129 Pac. 675, 44 L. R. A. (N. S.) 513, that the falsity of defendant's evidence in a perjury case must be established by at least one credible witness supported by corroborative evidence which may be circumstantial in its nature, the state attempted to corroborate Brankel by showing certain circumstances which the state contended, and now contends, were sufficient to meet the rule laid down in Metcalf v. State, supra.

In Conant v. State, 51 Tex. Cr. R. 610, 103 S. W. 897, it is held that, an accomplice being a discredited witness, in order to meet the statutory rule that no person may be convicted of perjury except upon the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence, there must be at least one credible witness besides an accomplice testifying to the falsity of defendant's testimony.

In the later case of Anderson v. State, 56 Tex. Cr. R. 360, 120 S. W. 462, the same court defined a "credible wit-

ness'' to be one who, being competent to give evidence, is worthy of belief, and all witnesses permitted to testify on the trial are competent, and the jury are the exclusive judges as to whether a witness is worthy of belief.

It is apparent that as to a conviction of perjury an accomplice to the original crime out of which the prosecution for which the perjury arose is competent to testify as to the falsity of the accused's statement, but it is equally as apparent that, in order to justify a conviction for perjury the falsity of which testimony is based upon the testimony of an accomplice to the original crime, the corroboration of the accomplice's testimony, if based on circumstantial evidence, should be such as to exclude every other reasonable hypothesis than that of the guilt of the defendant of the crime of willful and deliberate perjury when considered in connection with the accomplice's testimony.

In this case there is no testimony which tends to connect the defendant Madden with Brankel or any others who admitted that they were conspirators in the preparation for the robbery of the Citizens' State Bank at Salt Springs, Okla., except the testimony of some witnesses who saw one Bennett Highfill, a coconspirator with Brankel, in company with another person, supposed to be Brankel, and who Brankel testifies was himself, riding horseback from the direction of the Dickson place in the direction of Madden's farm on the afternoon of March 28, 1921. This was supplemented by the testimony of another witness to the effect that Highfill and another man ate a light lunch in the store of C. T. Baxter, at Curtis, Okla., which place was about a half mile from defendant's home, and which lunch was procured about sundown on the evening of March 28, 1921. There is also some evidence to the effect that about three days after the bank robbery, and five days after Madden had missed his horse, he

made the statement that it was his horse that was used in robbing the bank.

It was upon these corroborating circumstances that the corroboration of Brankel's testimony of the falsity of defendant's evidence in the preliminary examination is made to rest. The corroborating circumstances amounted to nothing more than suspicions of the defendant's guilt. They do not exclude every other reasonable hypothesis than that of guilt. As heretofore stated, there is no doubt but that Madden's horse was used in robbing the Citizens' State Bank. Madden testified that he had no knowledge of who took it or of how it left his premises. The fact that Highfill and Brankel were seen on two days before the robbery going in the direction of Madden's house, and on the evening of that day ate a lunch in a store about one-half mile distance from Madden's house, does not tend to contradict the statement of Madden to the effect that he had no knowledge of how his horse was taken that night. That circumstance is just as consistent with the statement of Madden that somebody stole his horse as it is with the statement of Brankel that Madden permitted Highfill and Brankel to take the horse with the agreement that he was to get $100 from the proceeds of the bank robbery.

There is evidence in this record also to the effect that on the morning of the 29th day of March, after Madden had missed his horse, he made inquiry to find the animal and notified some of his neighbors that the animal was missing. This evidence is uncontradicted. The statement that Madden made thereafter, to the effect that it was his horse that was used in the bank robbery, after it became known that a horse answering his description had been used in the bank robbery, and after he had missed his horse and had made inquiry to find it, is not inconsistent with his innocence, and

it amounted only to the expression of his belief that the bank robbers had stolen and used his horse in the commission of the robbery. It does not corroborate the accomplice Brankel in his statement that Madden had consented to the use of the horse in the robbery, and the question of Madden's consent is the substance on which the falsity of his testimony must rest. It is not sufficient to show merely an opportunity for Brankel and Highfill to get Madden's horse.

Among other instructions given by the trial court to the jury was the following:

"No. 5. Before you will be warranted in convicting the defendant, the state must prove by the testimony of at least one witness and corroborating circumstances that the testimony charged by the state to have been given was false.

"But if, within the rules hereinbefore defined, you believe beyond a reasonable doubt that in said Harper county, and at about the time charged in the information herein, an oath was administered in said county court to the defendant, Charles Madden, in the preliminary hearing aforesaid, to testify truly, and that he willfully and contrary to such oath, and contrary to his belief, stated in his testimony therein, in substance, to the effect or with the meaning as charged in the information herein, that the matters and things so testified to by him were false, and that he knew the same to be false, and you further find and believe that the said matters and things so testified to by him were material in said hearing, then your verdict should be that the defendant is guilty, otherwise you should acquit him. In the event you return a verdict of guilty, you should indicate therein the penalty to be inflicted."

It will be noted that in the foregoing instruction, which was excepted to by the defendant, the jury is not told that the state must prove the falsity of defendant's alleged testimony by the testimony of at least one "credible witness" and corroborating circumstances. The court only told the

jury that it took the testimony of "one witness" and corroborating circumstances. The foregoing instruction does not meet the rule laid down by this court in Metcalf v. State, supra, for the rule therein stated requires one credible witness supported by corroborating evidence as to the falsity of defendant's testimony.

After a careful consideration of the entire record, the court is of the opinion that it would be a dangerous precedent to permit this conviction to stand, based as it is upon evidence strongly in conflict; with the falsity of defendant's statement based upon the testimony of a discredited witness (an accomplice), with very slight corroborating evidence, and the evidence as a whole not such as to exclude every reasonable hypothesis except that of the guilt of the defendant. The further fact that the jury was told by instruction No. 5 that only one witness need be produced by the state, whether credible or otherwise, to prove the falsity of defendant's testimony, was misleading to the extent that the jury probably believed it could convict on the testimony of an accomplice even though the corroborating circumstances as to the falsity of defendant's testimony were very slight and explainable on the theory of defendant's innocence. In other words, in legal effect the falsity of defendant's testimony is based upon the uncorroborated testimony of an accomplice.

The judgment is reversed, and the cause remanded to the trial court for further action not inconsistent with this opinion.

BESSEY and DOYLE, JJ., concur.