## J. M. HAU v. STATE.

No. A-4829.    Opinion Filed April 3, 1925.
(234 Pac. 649.)

(Syllabus.)

1.    **Trial—Right to Instruction on Any Material Question of Law Arising on Evidence.** It is the duty of the court upon a proper request, in a criminal case, to instruct the jury upon any material question of law arising on the evidence.

2.    **Same—Right to Instruction on Circumstantial Evidence.** Where in a criminal case, circumstantial evidence solely is relied on for a conviction, it is error for the trial court to fail and refuse to instruct on the law applicable thereto, when the defendant requests it.

3.    **Appeal and Error—Prejudicial Error—Admitting Hearsay Evidence.** Where hearsay evidence has been received, which reasonably contributed to a verdict of guilty, the admission of such evidence does not constitute harmless error, but will be ground for reversal.

4.    **Trial—Prosecuting Attorney Declaring Law to Jury to Prejudice of Accused.** A prosecuting attorney should not assume the function of the court and declare the law to the jury to the prejudice of the defendant.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

J. M. Hau was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

Babcock & Trevathan, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   This appeal is from a judgment rendered on the verdict of a jury finding appellant, J. M. Hau, guilty on a charge that he did have possession of "about 20 gallons of corn whisky, for the purpose of selling, bartering, and otherwise furnishing the same," and fixing his punishment at a fine of $500 and confinement in the county jail for a period of 6 months.

The errors relied on relate to rulings of the court in the admission of evidence, in refusing to give requested instructions, and alleged improper and prejudicial remarks by the county attorney in his argument to the jury.   It appears that defendant is a farmer, owning a half section of land near the town of Okarche.   The testimony shows that, when the officers visited the defendant's farm, they found a five-gallon glass bottle partly full and two kegs full of whisky buried in a field, and a quart bottle partly full of whisky in a granary, and three or four empty kegs in a shed.   They found Jim Jones, the defendant's hired man, and another man, a tenant on the place, fixing a Ford car near the house; that the defendant came there before the officers left.

As a witness in his own behalf the defendant testified that he had lived in that neighborhood 28 years; that Jim Jones was working for him, and Mr. Graham was raising cotton on the shares on the place; that his other farm was 2½ miles from the place where the officers found the whisky.   He denied any knowledge of the whisky found by the officers.

Ollin Blair testified that with his neighbor, Helm, he was returning from Okarche to his home with a load of cotton seed in the car; that it was after dark when they passed Hau's place; there was a Ford car by the side of the road and two men near by; one had a keg

on his shoulder, and started over in Hau's field; that it was along the last of March.

S. P. Helm testified that he went with Mr. Blair to Okarche for cotton seed; that as they came back, on the road south of Hau's place, there was a car stopped by the side of the road, and two fellows got out, and one had a keg on his shoulder, going into Hau's field.

A banker, a merchant, and two or three farmers qualified as character witnesses, and testified to having known the defendant for more than 20 years in that neighborhood, and that he had always borne a good reputation as to being a law-abiding citizen.

J. P. Ellison, first witness called by the state, testified that he lived at Oklahoma City and was a federal prohibition agent; that with other officers he visited the defendant's place in Canadian county, and they found a glass bottle and two kegs of whisky buried on the defendant's farm; that he met the defendant that day at his home. On his direct examination he was then asked by the county attorney: "What was the occasion of you being at his home?" Witness answered: "We had information that he was selling liquor." Whereupon the defendant moved to strike the answer as hearsay testimony, which was overruled. Exception reserved. We are of opinion that the exception is well taken, and it was prejudicial error for the court to overrule the motion to strike.

In McRae v. State, 8 Okla. Cr. 483, 129 P. 71, it was held:

"Where the motive of an officer for making a seizure of intoxicating liquors is not an issue in a case, it is improper to allow him to state any information which he had received and upon which he acted in making such seizure."

And further:

"Where hearsay evidence has been received which reasonably contributed to a verdict of guilty, the reception of such evidence does not constitute harmless error, but will be ground for reversal."

And see Towery v. State, 13 Okla. Cr. 216, 163 P. 331, L. R. A. 1917D, 491; Ellington v. State, 24 Okla. Cr. 67, 215 P. 964.

The defendant requested several instructions, all of which were refused, nor were they in any way in part included in the instructions given.

Requested instruction No. 1 was the usual approved instruction on the law of circumstantial evidence. We think that the defendant was entitled to have the jury charged on the law of circumstantial evidence. In Kirk v. State, 11 Okla. Cr. 203, 145 P. 307, it was held:

"Where the evidence relied upon by the state is entirely circumstantial, it is error for the court to refuse to give a requested instruction on the law applicable thereto.

And see Pierson v. State, 13 Okla. Cr. 382, 164 P. 1005.

The defendant also requested the following instruction:

"You are further instructed that the mere finding of whisky on defendant's farm would not of itself authorize you to find that defendant had possession of the same, and if you should believe from the evidence that the defendant did not own the said whisky, and did not know that it was buried on his premises or if you have a reasonable doubt as to whether he owned the same or that he had knowledge it was so buried, you should find the defendant not guilty.

"Refused. W. N. Wallace. (Exception allowed.)"

On the trial of a criminal case questions of law are to be decided by the court, questions of fact are to be determined by a jury, and the court should instruct upon the law applicable to the case, which may be determined by the accusation and the evidence introduced on the trial. Whether or not the defendant had knowledge that the whisky was buried on his premises was a question for the jury to determine under proper instructions. Under the evidence in this case the requested instruction, or one similar, should have been given.

Another assignment of error is that the court permitted the county attorney in his closing argument to say:

"Mr. Babcock has said to you that there was no proof that Hau, if he had possession of this liquor, had possession of it for the purpose of selling it. The court has instructed that we don't have to prove an intention to sell. Possession is prima facie evidence of an intention to sell, and when the state has proved to you that he had possession the burden of proof shifts to the defendant to prove to you beyond a reasonable doubt that defendant did not have it for the purpose of bartering, selling, or otherwise furnishing. They talk to you about reasonable doubt. I wonder how they like it when it is the other way round."

An exception was taken by the defendant's counsel and the court ruled as follows: "The jury will follow the instructions of the court." The rule is well settled that it is error to permit the prosecuting attorney, against objection, in argument before the jury, to misstate the law. It is not for county attorneys to declare the law to the jury. That is the duty of the court, and the county attorney is as much bound by the law, as declared by the court, as are the jury and the defendant. That this misstatement of the law was prejudicial to the defendant cannot be doubted.

Persons accused of crime must be fairly tried, and when so tried we shall not interfere to prevent them from being punished; but it is not only the duty of this court, but every officer of the state who has duties to perform in the prosecution of persons accused of crimes, to see that they have a fair and impartial trial. It follows, from what has been said, that the defendant has not had a fair and impartial trial.

The judgment of conviction is therefore reversed, and the case remanded.

BESSEY, P. J., concur.

EDWARDS, J., absent.