Willie GRESHAM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13466.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1964.

Kenneth W. Lackey, Eufaula, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of McIntosh County, Oklahoma, where Willie Gresham, hereinafter referred to as defendant, was charged with the offense of Assault with Intent to Kill, was tried by a jury who found him guilty of the lesser and included offense of Assault and Battery with a Dangerous Weapon, and fixed his punishment at Five (5) Years in the State Penitentiary. Judgment and Sentence was pronounced in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

It is contended by the defendant that the County Attorney, in his closing remarks to the jury, committed reversible error in several instances; the first of these appearing at pages 197 and 198, of the casemade:

"* * * if you find him guilty beyond a reasonable doubt. There is no legal definition for doubt. But any doubt that anyone of you have—

(Objection-overruled)

"I think that any sincere doubt that you people might have is a reasonable doubt because I believe that everyone of you are reasonable people or I would have excused you. *Webster's dictionary says that a doubt is something beyond belief. And I don't think that anyone of you people on this jury, as reasonable people, think that it is beyond belief that this boy did not shoot this boy*—that he did not intend * * *" (Emphasis ours.)

In support of defendant's argument that the County Attorney's purported definition was erroneous and invaded the province of the court, he cites the following authorities:

Title 22 O.S.A. § 832:

"The court must decide all questions of law which arise in the course of the trial."

Title 22 O.S.A. § 834:

"On the trial of an * * * information, questions of law are to be tried by the court, and * * * although the jury have the power to find a general verdict, which includes questions of law as well as of fact, they are bound, nevertheless, to receive the law which is laid down as such by the court."

Title 22 O.S.A. § 856:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict * * *."

Moore v. State, 90 Okl.Cr. 415, 214 P.2d 966 (1950), an opinion by Judge Powell discusses reasonable doubt at length and in detail.

Hunter v. State, Okl.Cr., 288 P.2d 425 (1955), Judge Jones, after commenting on the fact that the County Attorney defined driving while under the influence, said:

"This statement is wholly improper as the questions of law for the guidance of the jury should be given by the court in its instructions."

Hau v. State, 30 Okl.Cr. 24, 234 P. 649 (1925), Judge Doyle:

"The rule is well settled that it is error to permit the prosecuting attorney, against objection, in argument before the jury, to misstate the law. It is not for county attorneys to declare the law to the jury. That is the duty of the court."

In the brief of the State it is conceded that it is improper for the County Attorney to define or attempt to define "reasonable doubt" when the same is not defined in the instructions given by the Court, however, it is argued that the definition given by the County Attorney was favorable to the defendant and he cannot now complain that he was prejudiced thereby.

We have carefully examined Webster's American College Dictionary, Revised Edition, Webster's Collegiate Dictionary, Fifth Edition, and Webster's Third New International Dictionary, and are unable to find any definition of "doubt" similar to that presented by the County Attorney to the jury; but to the contrary, we find that the general tenor of definitions is that a "doubt" is an "unsettled opinion concerning the reality of the truth of something."

We are of the opinion and accordingly hold that it is error for the County Attorney to define or attempt to define "reasonable doubt" when the Court has failed to define the same in its instructions; it is prejudicial error for the County Attorney to mis-state the definition of "reasonable doubt" in his argument to the jury and when, as in the instant case, there are other improper remarks made during the closing argument, prejudicial to the accused, this Court will reverse and remand the cause for a new trial.

The evidence offered on behalf of the State and Defendant is in sharp conflict and present a question of fact to be determined by the jury under proper instructions from the Court and proper arguments of counsel.

There are several other portions of closing argument of the County Attorney which the defendant asserts were improper but we deem it only necessary to cite the following:

"* * * Now one other thing, if you do decide to convict him and find him guilty of the smaller offense of Assault With a Dangerous Weapon—don't send him to the county jail. Send him to the Penitentiary. We have limited funds to feed him out of the County Tax money, the State has more money to feed him than we have." Casemade, Page 207.

The due and orderly administration of justice and the punishment to be imposed by way of confinement in the county jail, or the State Penitentiary should be arrived at and fixed by the jury as all of the facts pertaining to the circumstances introduced on the trial of a cause warrant. The punishment imposed should be commensurate with the crime and not assessed on the basis of financial expediency. For this reason we are of the opinion that this portion of the County Attorney's closing argument was highly improper.

For the reasons above set forth, this cause is reversed and remanded for a new trial.

Reversed and remanded for new trial.

JOHNSON, P. J., and NIX, J., concur.