**Bobby Stewart BOYD, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–98.**

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Bobby Stewart Boyd, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–963, for the offense of Perjury, After Former Conviction of a Felony, his punishment was fixed at fifteen (15) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Dolores Drumm testified that she was a court reporter for Judge Theus and on April 19, 1972, reported the case of State of Oklahoma v. Bobby Stewart Boyd. She identified defendant in court as the same person who testified in case no. CRF–71–3101. She testified that the defendant, after having been sworn, testified as follows:

That he lived at 2601 N. Phillips in Oklahoma City and did odd jobs for a living. On December 14, 1971, he had a conversation with one Kermit James in front of the Employee Office and as a result of the conversation, he called Mrs. Goddard. He told Mrs. Goddard that he heard that she needed some work done and she told him to come to her house and they would discuss it. He proceeded to her house and they negotiated the terms of the remodeling, agreeing on the sum of $1,100. She gave him a check, State's Exhibit 1, in the amount of $500 as part payment. He took the check to the bank and cashed it after being required by a bank officer to endorse it twice. He called her two or three days later and told her that he would start doing the work on the 15th. That Mrs. Goddard signed the check in his presence.

Mamie Goddard testified that she lived at 801 N.W. 42nd Street in Oklahoma City. On December 13, 1971, her home was burglarized and her blank checks were missing. She testified that she did not know defendant and never talked with him about repairing any houses. She testified that the signature on State's Exhibit 1 was not her signature nor one authorized by her. She identified State's Exhibit 2 as can-

celled checks bearing her genuine signature.

Ernest Smith testified that he was a questioned document examiner with the Oklahoma State Bureau of Investigation. He examined State's Exhibit 1 and the group of checks comprising State's Exhibit 2 and in his opinion the signature "Mamie C. Goddard" on State's Exhibit 1 was not written by the same person who signed the State's Exhibit 2 checks.

The party stipulated that the defendant was not sworn at the prior trial but rather "made an attestation to the things you testified to and that such attestation carries the same weight as for a person who swears."

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The second proposition contends that the punishment is excessive. Suffice it to say from the foregoing statement of facts, the punishment imposed does not shock the conscience of this Court.

The final proposition asserts that the trial court erred in refusing defendant's requested instruction number 2. The record reflects that the defendant requested the following instructions:

"In a prosecution for perjury, not only must the accused's guilt be established beyond a reasonable doubt, but the falsity of the matter sworn to by him must be proved to your satisfaction by direct and positive evidence. You are instructed that the State must establish the falsity of the statement alleged to have been made by the defendant, under oath, by the test of two independent witnesses or one witness and corroborating circumstances. Unless that has been done, you must find him not guilty."

Defendant cites as authority Madden v. State, 26 Okl.Cr. 251, 223 P. 716 and Cameron v. State, Okl.Cr., 365 P.2d 576. We need only observe that the decree of proof required for a perjury conviction was changed by the Legislature in 1965. Title 21 O.S. § 498 provides in part as follows:

"(a) Proof of guilt beyond a reasonable doubt is sufficient for conviction under this Act, and it shall not be necessary also that proof be by a particular number of witnesses or by documentary or other type of evidence."

We thus conclude that the trial court properly refused defendant's requested instruction. The judgment and sentence is accordingly affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.