**Gary Raymond JOHNSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–313.**

Court of Criminal Appeals of Oklahoma.

Aug. 3, 1981.

---

Demetri Anastasiadis, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Gary Raymond Johnson, was convicted in the District Court of Oklahoma County, Case No. CRF–79–2339, of Attempted Rape in the First Degree, after Former Conviction of a Felony. The jury fixed his punishment at a term of imprisonment of fifteen (15) years in the state penitentiary.

The appellant first contends that the prosecuting attorney included in her closing argument a prejudicial remark amounting to a definition of "reasonable doubt." Specifically, the appellant objects to the statement that "reasonable doubt" does not mean that the State has "the burden of proving absolute mathematical certainty beyond all doubt."

 Case law and statutes support the appellant's objection to the prosecution's attempt to declare the law to the jury. *Hau v. State,* 30 Okl.Cr. 24, 234 P. 649 (1925); 22 O.S.1971, §§ 832, 834. The jury is bound to receive the law as laid down by the court; and it is improper for the prosecuting attorney to usurp this judicial function. More

specifically, this Court supports the view that it is inadvisable for the judge, much less the prosecutor, to define "reasonable doubt" to the jury; definitions of this self-explanatory phrase tend to confuse rather than clarify its meaning. *Templar v. State*, 494 P.2d 667 (Okl.Cr.1972).

■■■ To warrant modifications of the sentence, however, the remark in question must not be merely improper or inadvisable, but it must also be of such a character as to have prejudiced the rights of the appellant or affected the verdict to his detriment. *Frazier v. State*, 607 P.2d 709 (Olk.Cr.1980). The prosecutor's regrettable gloss on "reasonable doubt" in the present case could not have prejudiced the appellant to the degree required for sentence modification. In stating briefly what "reasonable doubt" does *not* mean, the prosecutor did not "define" the phrase, nor did the remark create an erroneous impression.

■■■ The appellant next asserts that the trial court erred in refusing to give the following requested instruction on circumstantial evidence:

> . . . as far as the issue of intent is concerned, that said intent must be proved _ _ _ if proved circumstantially to a moral certainty and that each fact must be consistent with guilt and *inconsistent with any other reasonable hypothesis* as far as the issue of intent is concerned. [Emphasis added]

In refusing to instruct on the "reasonable hypothesis" test, relying instead on a simpler instruction emphasizing reasonable doubt,[1] the trial court followed the directive of the U.S. Supreme Court, which had suggested that, where the jury is properly instructed on the standards for reasonable doubt, an additional instruction that each fact must be consistent with guilt and inconsistent with any other reasonable hypothesis is confusing and incorrect. *Hol-*

*land v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Case law in Oklahoma suggests that the "reasonable hypothesis" test may be included in the instructions to the jury in order to cure some other grossly misleading instruction, *Washmood v. United States*, 10 Okl.Cr. 254, 136 P. 184 (1913); or it may be used *by the Court* in assessing the strength of circumstantial evidence. *Madden v. State*, 26 Okl.Cr. 251, 223 P. 716 (1924). See also *United States v. Cortez*, 521 F.2d 1, 3 (5th Cir. 1975). But our research has uncovered no case where a refusal to instruct on the "reasonable hypothesis" test provided ground for modification or reversal. In light of the U.S. Supreme Court directive in *Holland* and absent any other misleading instruction to the jury, the trial court was correct in its refusal of the requested "reasonable hypothesis" instruction.

■■■ In his third assignment of error, the appellant contends that the court's refusal to give an instruction on the lesser included offenses of assault and battery constituted prejudicial error. The general rule regarding instructions on lesser included offenses is that the trial court should submit the case to the jury for consideration upon every degree and lesser included offense which the evidence in any reasonable view of it suggests, and the instructions given must be applicable to the testimony introduced at trial. *Kilpatrick v. State*, 71 Okl.Cr. 129, 109 P.2d 516 (1941). This court has consistently emphasized, however, that where there is no evidence to support such lower degree or included offense it is error for the Court to submit the question of lesser included offenses to the jury. The U.S. Supreme Court has expressed a similar limitation, asserting that a lesser included offense instruction is proper only where the charged greater offense requires the jury to find a disputed factual element which is not

---

1. The instruction given by the trial court reads in full as follows:

 You are instructed that "intent" with which an act is done being the mental state of the mind of the accused, direct and positive proof of intent is not necessary, but, if you find an act was done, then the intent with which it was done is to be gathered and determined by you from all the facts and circumstances as the same have been established and shown by all the evidence adduced upon the trial of this case.

 In this connection, however, you are instructed that "intent" is the gist of the offense of Attempted Rape in the First Degree and must be proved beyond a reasonable doubt.

**1234** 

required for conviction of the lesser included offense. *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965).

██ Considering the testimony introduced at trial, we find it difficult to justify an instruction on assault and battery. The appellant admitted that he intended to have sexual intercourse with G.R. and contends that she indicated consent by smiling and cooperating with him. His testimony, if believed, would afford a complete defense to the charge against him, inviting the jury to find him either guilty of attempted rape or not guilty of any crime.

On the other hand, the appellant's admission of intent to have sexual intercourse does not controvert the State's evidence that the appellant intended to commit rape. His admission coupled with the State's evidence that the appellant used a penknife to cut G.R. on the thigh and hand and that the appellant was discovered with his pants down astride a struggling woman leads this Court to dismiss, as did the trial judge, the possibility that the evidence introduced at trial warranted an instruction on assault and battery. An instruction contrary to the only evidence presented on the issue of intent would suggest to the jury an irrational conclusion ___ that although Johnson testified that he intended to have sexual intercourse and although the State's evidence strongly suggested intent to rape, the jury could find that he merely intended to have some other kind of offensive or harmful physical contact. Johnson's defense logically precludes the necessity of an instruction on assault and battery.

The judgment and sentence is AFFIRMED.

BUSSEY and CORNISH, JJ., concur.