**Jerry WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–705.**

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1983.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Jerry Williams, was convicted of Rape in the First Degree in Johnson County District Court. He received a sentence of life imprisonment.

The dispositive issue on appeal is whether improper arguments by the prosecuting attorney denied Williams a fair and impartial trial. We find that due to the numerous instances of prosecutorial misconduct the appellant must be afforded a new trial.

First, during the voir dire examination the prosecutor attempted to define "reasonable doubt" to the jury. The prosecutor argued:

"... Anybody seen Perry Mason? I always get amazed because they've got their own law and one of them is that you've got to prove beyond a shadow of a doubt or beyond any doubt. Can you agree with me that that's not the State's burden? That's the State's burden is beyond a reasonable doubt and the other two statements are a much [heavier] burden."

This Court has previously held that it is error for the trial court or the prosecution to attempt to define reasonable doubt to the jury. *Jones v. State,* 554 P.2d 830 (Okl.Cr.1976); *Lorenz v. State,* 406 P.2d 278 (Okl.Cr.1965); *Gresham v. State,* 396 P.2d 374 (Okl.Cr.1964). Further, the prosecution should refrain from any attempt to define the law to the jury. Instructing the jury on the applicable law is solely the duty of the trial court. *Frazier v. State,* 607 P.2d 709 (Okl.Cr.1980).

Second, the prosecutor volunterred his opinion as to the veracity of William's testimony. The prosecutor in his statement, "I submit to you, ladies and gentlemen, that that man [Williams] lied, that's just all there is down to it...", unmistakably referred to the appellant as a liar. This comment was improper and wholly unprofessional. *Cobbs v. State,* 629 P.2d 368 (Okl. Cr.1981).

Third, the prosecution informed the jury that several elements of the crime were uncontested and established facts. The prosecution argued, "the act of sexual intercourse, forcibly ... has never been contested in this courtroom, that is an established fact, that intercourse was accomplished, penetration was accomplished, it was accomplished by force." Though the State's evidence may have been uncontroverted in regard to these elements, they were certainly not "established facts," but instead were questions of fact to be determined by the jury based upon all the evidence presented at trial. The implication by the prosecutor that the jury was not required to determine whether there was forcible intercourse was clearly improper. The State's attorney "has no right in the area of argument to supply the lack of evidence or make greater the weight of the evidence." *Gossett v. State,* 373 P.2d 285, 290 (Okl.Cr.1962).

Fourth, in closing argument the prosecutor also argued that Williams was no longer presumed innocent. Prosecutor Worthen stated:

... Counsel said something about the defendant being presumed innocent. We all started out with that this morning, I think, probably I'm probably the first person to mention that the defendant in this case is presumed to be innocent, just like every defendant in the State of Oklahoma. I think every one of us agree to that, and that was true this morning, ladies and gentlemen, but that presumption of innocence, ladies and gentlemen, just like the veil in the temple, that presumption of innocence will leak, and it's not there any more.

This line of argument constituted error. *Cobbs v. State,* 629 P.2d 368, 369 (Okl.Cr. 1981).

Fifth, the prosecution asked the jurors to sympathize with the victim during their deliberations. The prosecution remarked:

> ... because of her belief, her religious belief, her personal belief, that's the most tragic thing that could ever happen in her life, enough that she would want to go away, break off the relationship she had with her fiancee, break contact with the community, get away from everything. I submit to you that the act of rape is emotional shock, emotional trauma, that absolutely it makes you want to hide, that the act itself makes you feel filthy, dirty, scrubby, slimy, and you don't want anybody to see you ...

He further commented:

> ... Nothing that happens in this courtroom wipes out that, nothing in this courtroom that we do, gives that girl back the pride that she had that she wanted to take from a marriage. Nothing, absolutely nothing, that's what's taken away. The pride, the feeling of worth something, the feeling of honor, that's what was taken away. Taken, deliberately by force from another human being.... [I]t's short of murder, when you take somebody's life, the other thing that you can take away from them that's most, most precious, is there dignity, their human being, and that's what this man tried to take away from that girl, that's what he took away from that girl.

These comments were in direct disregard of the trial court's instruction for the jury not to allow sympathy, sentiment, or prejudice to influence its decision.

Although the comments in this case were not accompanied by contemporaneous objections, we find that their combined effect deprived Williams of his fundamental right to a fair and impartial trial. Therefore, we hold that the improper comments require reversal. See *Tart v. State,* 634 P.2d 750 (Okl.Cr.1981); *Cobbs v. State,* supra; and *Lewis v. State,* 569 P.2d 486 (Okl.Cr.1977).

The judgment and sentence is REVERSED and REMANDED for a new trial.

BRETT, J., concurs.

BUSSEY, P.J., dissents.

BUSSEY, Presiding Judge, dissenting:

I must respectfully dissent for the reason that the errors now complained of were not objected to at trial nor were they properly preserved for review in the motion for new trial, rather, they were raised for the first time on appeal. See, *Turman v. State,* 522 P.2d 247 (Okl.Cr.1974), and cases cited therein.