**Royce B. KING and Connie King, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. F–87–164, F–87–165.**

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1988.

Sam F. Houston, Mileur and Houston, Marlow, for appellants.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen. William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Appellants, Royce B. King and Connie King, were jointly tried by jury and each was convicted of Conspiracy to Commit a Felony (21 O.S.1981, § 421) and two counts of Perjury (21 O.S.1981, § 491), in Case No. CRF–86–58, in Stephens County District Court, before the Honorable George W. Lindley, District Judge. The jury set punishment for appellant, Royce B. King, at six (6) years, seven (7) years and eleven (11) years, respectively. They set punishment for appellant, Connie King, at two (2) years, three (3) years and five (5) years, respectively. Judgment and sentence was imposed accordingly. Both appellants perfected appeals, and their cases have been consolidated for the purpose of appeal.

These cases revolve around a gun fight which occurred on December 14, 1985. On that evening, appellants, along with several other people, were at the home of Scottie Mooney. Gene Snyder, a guest at Mooney's house, fired several shots with a .45 caliber gun, injuring another guest. Although the record is not clear as to how many of the guests possessed guns and fired them, there was testimony and direct evidence tending to show that both appellants had guns, which they fired during the course of these events. An examination of the scene revealed several different caliber shell casings in the living room. At least two different guns had been fired in the house. However, both appellants testified at Snyder's preliminary hearing and trial that neither of them possessed guns, and that Snyder did all the shooting. Both denied having guns on the evening of the shooting incident and stated they did not know how the other bullet slugs got into the living room. There was also testimony that immediately after the incident, appellant Royce King stated, "Gene did all the shooting. We've got to stick together on it." After Snyder's trial, the State filed charges against appellants for perjury and conspiracy to commit a felony.

Appellants assert, as their first assignment of error, that the State did not meet its burden of proof because the testimony at trial was not corroborated by at least one credible witness. Thus, appellants urge that the evidence was insufficient. In support of their argument, appellants rely on *Madden v. State*, 26 Okl.Cr. 251, 223 P. 716, 717 (1923), which held that "no person may be convicted of perjury except upon the testimony of two credible witnesses, or of one credible witness strongly corroborated by other evidence...." Although this supports appellants' position, the *Madden* rule was abolished by 21 O.S.1981, 498(a), which reads as follows:

(a) Proof of guilt beyond a reasonable doubt is sufficient for conviction under this act, and it shall not be necessary also that proof be by a particular number of witnesses or by documentary or other type of evidence.

In *Boyd v. State*, 513 P.2d 341, 343 (Okla. Crim.App.1973), this Court addressed Section 498(a) with regard to a perjury conviction and determined that a specific number of witness or type of evidence was no longer required to obtain a conviction for perjury.

In the present case, two police officers testified as to the sequence of events following the shooting incident, and specifically stated that at least two weapons were fired in the house. Shell casings from two different guns were found in the house. An analysis of the bullet holes in the walls and door of the living room revealed that two different size bullets made the holes. It is not disputed that both appellants testified that no one but Snyder had a gun or fired a gun. We believe that this evidence is sufficient to support the verdict. *See Spuehler v. State*, 709 P.2d 202, 203 (Okla. Crim.App.1985).

As their second proposition, appellants claim that the evidence was insufficient to support the conspiracy conviction because an overt act was not demonstrated. To be convicted of conspiracy, 21 O.S. 1981, § 423 requires the State to show an "overt act" which was done to further the purpose of the conspiracy. In the present case, both appellants committed an overt act toward the purpose of the conspiracy insofar as both appellants gave statements to the police which were deliberately misleading. Further, both gave false testimony at the preliminary hearing and trial of Snyder. These acts were sufficient to constitute an "overt act." *See, e.g., Blaylock v. State*, 598 P.2d 251 (Okla.Crim.App. 1979). This assignment of error is without merit.

For the foregoing reasons, the judgments and sentences are AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.