## J. C. TEAGUE v. STATE.

No. A-1675. Opinion Filed July 19, 1913.

(133 Pac. 1134.)

INTOXICATING LIQUORS—Evidence—Sufficiency. To sustain a conviction, it should appear not only that the offense was committed, but the evidence inculpating the defendant should be so to a degree of certainty, transcending mere probability or strong suspicion.

*Appeal from County Court, Noble County;*
*L. B. Robinson, Judge.*

J. C. Teague was convicted of violating the prohibitory law, and he appeals. Reversed and remanded.

*A. Duff Tillery* and *Henry S. Johnston,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. Plaintiff in error was convicted, and in accordance with the verdict of the jury was on the 3d day of February, 1912, sentenced to be confined for 30 days in the county jail, and pay a fine of $50, under an information which charges that he did "unlawfully have in his possession certain malt liquors,

to wit, ten pint bottles of Old Heidelberg beer, with the intent of him, the said J. C. Teague, to sell, barter, give away, and otherwise furnish the same." The petition contains various assignments of error, the majority of which relate to the admission of alleged incompetent evidence; however, it is only necessary to consider the one that the verdict and judgment were contrary to law and the evidence.

John L. McGehee testified that in serving a search warrant he found ten bottles of beer in a room occupied by the defendant's father. Tom Wetsel, deputy sheriff, testified that he assisted in serving the warrant, and they found ten bottles of beer and 25 empty beer bottles. There were some records offered of the Wells Fargo Express Company in connection with the testimony of Ray Norris, who testified that he became the agent of said express company about two months after said case was filed, and found said records in the office. John Ryan testified that he was cashier at the Santa Fe freight office at Perry, and identified two freight delivery receipts for two casks of beer, delivered in the month of June, 1911. Thereupon the state rested, and the defendant demurred to the evidence, and moved the court to direct a verdict of not guilty. The demurrer and motion were overruled, and exception allowed.

J. A. Teague, on the part of the defense, testified that his age was 78 years; that he was the father of the defendant, and had lived for two years in the room where the beer was found; that he had used beer all his life; that the beer found by the sheriff and deputy sheriff was for his personal use.

There was no evidence offered in any way tending to prove an unlawful intent. In a prosecution for having possession of intoxicating liquor with intent to sell, barter, give away, and otherwise furnish, the evidence should be of such character as to overcome *prima facie* the presumption of innocence. If. the evidence raises a mere supposition, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant.

It is our opinion that the verdict and judgment is contrary to the law and the evidence. The judgment of the county court of Noble county is therefore reversed, and the cause remanded thereto, to be disposed of as provided by law.

DOYLE and FURMAN, JJ., concur.