## MRS. J. E. MORGAN v. STATE.

No. A-5653.   Opinion Filed Sept. 14, 1926.
(249 Pac. 354.)

L. A. Wallace, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   Mrs. J. E. Morgan was convicted on a charge of possession of intoxicating liquor with intent to sell, and her punishment fixed at confinement for 3 months in the county jail and a fine of $300.   From the judgment entered on the verdict, this appeal is taken.

The only assignments of error necessary to notice are that the court erred in overruling the motion for a new trial, and that the verdict is not sustained by sufficient evidence, and is contrary to law.   The evidence shows that three deputy sheriffs went to the defendant's home to serve a bench warrant upon one Theo. Garret; that they inquired for Garret at the house and found he was not there, then went into the cornfield, ostensibly to break up some barrels, from which they had poured mash in a raid the night before, and observed Mrs. Morgan covering a stone jug; that when she saw the officers she returned to the house; that the jug contained corn whisky, and they went to the house and arrested Mrs. Morgan for the possession of the whisky.

The officers each testified that the search and seizure were made without a search warrant.   When the state

rested, there was a motion to strike and a motion for a directed verdict, which motions were overruled.

As a witness in her own behalf, Mrs. Morgan testified that she is the wife of J. E. Morgan; that she is the mother of 13 children, and lives on a farm northeast of Morris; that she had started out to pick some beans, noticed the jug, and thought she would hide it to keep her husband from drinking the whisky; that she was against drinking, and did not want her husband to have the whisky; that she did not own the whisky, and did not move the jug from where it was, and knew nothing about it until she found it there partly buried; that she started to the well and met the officers, and they arrested her and took her to jail; that this was the first time she was ever arrested.

To warrant or sustain a conviction there must be evidence sufficient to prove that the offense was committed, and also inculpate the defendant with the commission of it, as charged in the information. Upon a careful consideration of the record, we are convinced that there is not sufficient evidence to sustain a conviction.

The judgment is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.