## JESS CUDE v. STATE.

No. A-6531.   Opinion Filed April 13, 1929.
(276 Pac. 240.)

**358**

J. Q. A. Harrod, for plaintiff in error.

Edwin Dabney, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and W. P. Morrison, Co. Atty., of El Reno, for the State.

CHAPPELL, J.   The plaintiff in error, Jess Cude, hereinafter referred to as defendant, was convicted in the district court of Canadian county of the crime of grand larceny, and sentenced to serve five years in the state penitentiary.

When the state rested, the defendant demurred to the evidence offered by the state, for the reason that it was wholly insufficient to sustain the verdict of guilty, which demurrer was by the court overruled.   The defendant filed a motion for a new trial, assigning the insufficiency of the evidence as one of the grounds for such new trial, which motion was overruled and exceptions saved.

The only question we deem it necessary to consider is the sufficiency of the evidence of the state to support the verdict.   Briefly stated, the evidence appears to disclose the following facts:   (1) That the property described in the information was stolen from Moreland.   (2) That the defendant was out with some boon companions all night. (3) A car supposed to belong to the defendant was tracked from a half a mile away from the home of Moreland to

the home of the defendant by the marks made by a diamond tread tire. (4) That men's tracks from Moreland's garage led to this car, supposed to belong to the defendant, but no evidence was offered to show that the tracks were made by the defendant nor was the car tracked from the point one-half mile from the home of Moreland to the home of defendant, shown to be the car of the defendant. (5) There is some evidence to show that defendant admitted similar offenses in Oklahoma county, but denied at all times the commission of this offense or any knowledge of who did commit the offense. T. C. Shacklett, sheriff, and C. A. Pierce, deputy sheriff, testifying for the state, both said that the defendant at all times denied having any part in, or knowing anything about, the offense alleged, in the information.

The state failed to find any of the property in the possession of the defendant or to connect the defendant with the larceny of the property, except by some suspicious circumstances. While it is true that this court will not ordinarily reverse a case for lack of evidence to support the verdict, yet, where from a reading of all the evidence it appears that the most that could be made to appear from the evidence is a suspicion that the defendant might be guilty, this court will set aside such a conviction.

In the case of Hinsley v. United States, 1 Okla. Cr. 392, 98 P. 363, in the body of the opinion this court said:

"In harmony with the decisions of appellate courts generally, this court reluctantly disturbs the verdict of a jury upon the ground that the verdict is not supported by, and is contrary to, the evidence. This court will not set aside a verdict where there is a substantial conflict in the evidence. But, when there is no such conflict, and where there is an absence of evidence to support the verdict, it is the duty of this court to set aside the verdict. It is not the purpose of this court to invade the province of the jury in the determination of questions of fact; but in the interest of justice this court will not permit a verdict to

stand unsupported by competent evidence. We have carefully read, closely considered, and analyzed all the testimony in this case, and we are unable to harmonize the verdict with the evidence."

See, also, Brown v. State, 3 Okla. Cr. 42, 104 P. 78; Teague v. State, 10 Okla. Cr. 43, 133 P. 1134.

This court has repeatedly held that evidence of similar transactions may be introduced, not for the purpose of establishing the guilt of the defendant, but for the purpose of showing a general plan or scheme to commit that class of crimes. There is some evidence in this case tending to show that the defendant had been guilty of similar crimes, and the trial court properly instructed the jury that such similar offenses could not be considered by the jury for the purpose of determining the guilt or innocence of the defendant. But evidence of similar offenses cannot be considered by the jury, where the state wholly fails to connect the defendant with the crime charged in the case on trial.

We think the evidence in this case wholly fails to connect the defendant with the commission of the offense charged against him, and that all the evidence that was before the jury was some suspicious circumstances and the evidence of the commission of similar offenses. While we are reluctant to disturb the verdict of the jury upon the ground of the insufficiency of the evidence, yet the due administration of justice demands that we shall set such verdict aside when the state wholly fails to connect the defendant with the commission of the offense charged.

For the reasons stated, the cause is reversed and remanded, with instructions to the trial court to dismiss the case, unless the state has additional evidence tending to connect the defendant with the commission of the offense charged.

EDWARDS, P. J., and DAVENPORT, J., concur.