## FRED HUDLIN v. STATE.

No. A-7668. Opinion Filed April 4, 1931.
(297 Pac. 818.)

Vance & Bliss, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called defendant, was jointly informed against with S. A. Clingan, charged with unlawfully, feloniously, and fraudulently uttering and passing a bogus check in the amount of $72.08; he was tried separately, convicted and sentenced to pay a fine of $250, from which sentence and judgment the defendant has appealed.

The evidence, briefly stated, is that the defendant in this case and S. A. Clingan made an agreement that defendant would deposit in the bank $100 for Clingan

to use in buying hogs and cattle, and the profit would be divided between the two. The defendant deposited the $100 in the First National Bank of Hulbert, and advised the bank to honor Clingan's checks on the deposit. This arrangement was made about May 1, 1928. Clingan bought some hogs and cattle, and made checks on the bank, signing the defendant's name by S. A. Clingan. The defendant made several deposits in the bank, and Clingan drew several checks which were paid. On July 21, 1928, as shown by the evidence of the officers of the bank, there was to the credit of defendant $449.63. On July 21, 1928, Clingan drew a check on the bank for $72.08, signing the same "Fred Hudlin by S. A. Clingan." The testimony shows that this defendant knew nothing about this check having been drawn by Clingan, and did not learn of it until after a warrant had been issued for defendant's arrest. The check was not presented to the bank for payment until about the 31st of July, several days after it was given by Clingan. There is very little conflict in the testimony; the only conflict being that the defendant authorized the bank to recognize checks with his name signed to them by S. A. Clingan to the amount of $100. At the close of the testimony, the defendant demurred to the state's evidence on the ground that it is wholly insufficient to constitute the crime alleged in the information. The demurrer was overruled, and defendant saved an exception. The first assignment of error is that the court erred in overruling the motion of plaintiff in error for a new trial. This assignment covers all the questions raised by the defendant; that is, the sufficiency of the evidence to sustain the conviction. The defendant insists that, as the check was given by Clingan, and he had no knowledge of the purchase of the hogs, there was no guilty intent upon his part; that his conviction is not sustained by sufficient evidence. The theory

of the state is that the defendant is responsible as a principal for Clingan's acts, arguing that the defendant had unqualifiedly put Clingan into the business, and had authorized transactions such as the one in which Clingan gave this check. An examination of the record shows that the defendant Clingan was tried and acquitted of the charge of issuing the bogus check. Under the law, any person who, with intent to cheat and defraud, shall obtain, or attempt to obtain, from any person, firm, or corporation any money or property or valuable thing of the value of more than $20, is guilty of a felony. In Nash v. State, 8 Okla. Cr. 1, 126 Pac. 260, in the first paragraph of syllabus, the court said:

"When, in the trial of a criminal case, the proof introduced on behalf of the state is insufficient to sustain a conviction, it is the duty of the trial court to advise the jury to return a verdict of not guilty."

In Teague v. State, 10 Okla. Cr. 43, 133 Pac. 1134, the court in syllabus said:

"To sustain a conviction, it should appear not only that the offense was committed, but the evidence inculpating the defendant should be so to a degree of certainty, transcending mere probability or strong suspicion."

It is always incumbent on the prosecution to establish each and every material element of the crime charged before the jury is warranted in finding the defendant guilty. Crouse v. State, 39 Okla. Cr. 127, 263 Pac. 681.

There is no evidence to show the defendant had knowledge that Clingan had issued the check or that the defendant intended to defraud any one. The verdict and judgment is contrary to the law and the evidence.

The case is reversed.

CHAPPELL, J., concurs. EDWARDS, J., absent, not participating.