BERNARD SIMPSON v. CITY OF TULSA.

No. A-9540. Aug. 25, 1939.
(93 P. 2d 539.)

W. E. Green, J. C. Farmer, and R. J. Woolsey, all of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and H. O. Bland, City Atty., and M. S. Williams, Asst. City Atty., both of Tulsa, for defendant in error.

DAVENPORT, J. Bernard Simpson, the plaintiff in error, referred to in this opinion as the defendant, was by complaint in the municipal court of the city of Tulsa, Okla., charged with unlawfully and recklessly driving an automobile on the streets of Tulsa; was tried without a jury by the judge of the municipal court, convicted, and fined $35. Motion for a new trial was filed, considered, and overruled, and defendant appeals.

The defendant was charged with violating Ordinance No. 4124, article 5, section 65, passed December 6, 1935, which ordinance reads as follows:

"Any person who drives any vehicle in a manner which is calculated to endanger the rights, lives or property of others, or which is without due caution or circumspection or which is at a careless, heedless or dangerous rate of speed is guilty of reckless driving."

"Every person convicted of reckless driving shall be punished upon a conviction by imprisonment for a period

of not more than 30 days, or by a fine of not less than $1 nor more than $100, or both such fine and imprisonment."

The facts in this case show that Hubert Gaddis, accompanied by a young man and two young ladies, was driving on First street, going east at the intersection of First and Elgin streets; that the defendant Bernard Simpson was driving on Elgin, going north at the intersection of Elgin and First streets.

Mr. Gaddis testified that he was driving about 20 or 25 miles per hour, and that when he started to cross Elgin street he shifted his gear into second, and looked to his right down Elgin, and he saw the lights of a car. He thought it was a half block away, but did not know what the distance was.

The testimony further shows that just before Mr. Gaddis' car got across Elgin street, the defendant's car, coming north on Elgin, struck the Gaddis car, turned it over, and skidded it a short distance. The proof shows that both Mr. Gaddis and the defendant were driving on their proper sides of the street.

There is no testimony as to the actual damages done to either of the cars that came together; and neither of the parties received any serious injury.

There is absolutely no testimony showing the rate of speed the defendant was driving, or that he was driving in any way whatever indicating a reckless disregard for the rights of others.

All the parties were sober so far as the testimony is concerned.

As the record shows, it was an unfortunate collision, in which no blame could be imposed upon either one of the drivers.

The defendant assigned in his petition for rehearing several errors alleged to have been committed by the trial court, the first assignment being:

"That said court erred in overruling the motion of the plaintiff in error for a new trial."

"2. That said court erred in entering judgment of guilty and fining this defendant for the reason the evidence was insufficient to convict the defendant of any crime."

These two errors are all the errors it is deemed necessary to consider, as the only question in the case is: Is there sufficient evidence in the record to overcome the presumption of innocence guaranteed to the defendant throughout the entire trial until overcome by competent testimony?

The defendant is charged with driving an automobile in a dangerous and reckless manner. There is no testimony sufficient to sustain that part of the allegation. He was also charged with operating an automobile in a manner that was calculated to endanger the rights, lives, and property of others, and in a manner which was without due consideration and circumspection, and at a careless, heedless, and dangerous rate of speed. Not a single witness gives any testimony to sustain these allegations in the information.

The officer, who arrived on the scene shortly after the accident, showed by the marks on the street that the defendant had set his brakes a short distance before his car struck the car of the prosecuting witness, Hubert Gaddis.

It is unfortunate that these accidents occur at street crossings; and oftentimes some one of the parties is to blame; but this seems to be a case where neither the driver of the car that was struck, nor the driver of the car that struck the Gaddis car, did anything out of the ordinary, or was driving in a reckless, careless, or dangerous manner.

The prosecuting witness, as stated herein, saw the lights of the defendant's car coming up Elgin, and, without giving it much consideration, thought it was probably

a half block away. At night, unless you give careful attention, you cannot accurately measure distance. The prosecuting witness was in second gear, driving about 20 or 25 miles per hour; and the testimony wholly fails to show at what speed the defendant was driving.

In Morgan v. State, 35 Okla. Cr. 100, 249 P. 354, this court stated:

"To sustain a conviction of crime, each and every material element must be supported by the evidence."

The finding of the facts by the court, upon the waiver of the jury, has the same effect as if the case had been tried by a jury, and will not be disturbed if there is sufficient testimony to sustain it.

In White et al. v. State, 13 Okla. Cr. 76, 162 P. 232, in the first syllabus, the court stated:

"While it is well settled that this court will not disturb the verdict on account of the insufficiency of evidence when there is evidence to support it, the converse rule is equally well settled that it is not only the province, but the duty, of the court to set aside such a verdict when it is contrary to the evidence, or where there is no evidence to support it. The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence, to which every one is entitled who is put upon trial for an offense."

In Cude v. State, 42 Okla. Cr. 357, 276 P. 240, in the first paragraph of the syllabus, this court stated:

"To sustain a conviction, it should appear not only that the offense was committed, but the evidence inculpating the defendant should do so to a degree of certainty, transcending mere probability or strong suspicion."

In the second paragraph of the syllabus, the court stated:

"Where the evidence in a case to sustain a verdict of guilty is of such a weak and uncertain character that the

court cannot say that the jury was not influenced by prejudice, passion, or irrelevant and incompetent testimony, a great deal of such testimony appearing in the record, this court will order a new trial."

Without prolonging this opinion further, it is the opinion of this court that the city of Tulsa wholly failed to introduce any competent proof sustaining the allegations of its information; and for the failure of the proof to sustain the allegations, the judgment of the court is reversed, with directions to dismiss the case.

DOYLE, P. J., and BAREFOOT, J., concur.