**Terrall E. RICHARDS, Plaintiff in Error,**

v.

**The CITY OF STILLWATER, Defendant in Error.**

**No. A–15260.**

Court of Criminal Appeals of Oklahoma.

April 7, 1971.

Everett E. Berry and Charles Headrick, Stillwater, for plaintiff in error.

Daniel D. Draper, Jr., City Atty., H. L. McConnell, Asst.Atty.Gen., for defendant in error.

BUSSEY, Presiding Judge:

Terrall E. Richards, hereinafter referred to as defendant, was convicted of the offense of Failure to Yield the Right of Way At An Intersection in a non-jury trial in the District Court of Payne County; his punishment was fixed at a fine of Ten ($10.00) Dollars, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that the defendant was involved in an automobile collision at an unmarked intersection in the City of Stillwater. The defendant's vehicle had entered the intersection and was approximately 11 to 13 feet into the intersection when it was struck by another vehicle on the right that was eight feet into the intersection. There was no evidence that either vehicle was speeding.

The assignment of error contends that the trial court failed to properly construe Section 20–71 of the Stillwater City Code to give consideration to an Attorney General Opinion construing the analogous state statute on right of way.

Section 20–71 of the City Code reads as follows:

"a. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle that has entered the intersection from a different highway * * *

b. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

Opinion No. 63–483 of the Attorney General states that the vehicle on the right does not have the exclusive right of way at all times if the vehicle on the left reached the intersection an "appreciable" length of time ahead of the one approaching from the right.

This Court has previously held that the finding of facts by the Court, upon the waiver of a jury, has the same effect as if the case had been tried by a jury, and will not be disturbed if there is sufficient testimony to sustain it. Simpson v. City of Tulsa, 67 Okl.Cr. 224, 93 P.2d 539.

We are of the opinion that the evidence supports the finding of the trial court and therefore hold that the judgment and sentence is affirmed.

NIX and BRETT, JJ., concur.