**Early Junior GAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–644.**

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1977.

Richard A. Hoffman, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Douglas L. Combs, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BLISS, Judge:

Appellant, Early Junior Gay, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–2409, with the offense of Robbery With Firearms, in violation of 21 O.S.1971, § 801, as amended Laws 1973, Ch. 76, § 1. He was tried by a jury and convicted of the aforementioned crime. His punishment was fixed at sixty (60) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness was Robert L. Coonrod, assistant manager of the My Pie Restaurant, located at 5936 S. Lewis, Tulsa, Oklahoma. He testified that his attention was drawn to the front portion of the establishment late on the night of September 30, 1975, by what he thought to be the noise from a firecracker. He was then confront-

ed by a person carrying a gun, wearing a green army type jacket and a ski mask which covered his face. After identifying himself as the manager, this witness was forced to open the safe and was then pushed aside and shot in the back. This witness related ownership of several personal items offered as State's Exhibits, stating they had been stolen the night of the robbery, but were now in slightly different condition in that they appeared to have been water soaked; he also identified a ski mask (State's Exhibit No. 21) as similar to those worn by the robbers that night.

The State next called Loretta Moffitt, a customer in the restaurant on the night in question. She related that she was approached by a man with a gun and wearing a ski mask who informed her that "this was a robbery, and to get on the floor." After responding, "You're kidding," the man shot her. The remainder of her testimony was substantially corroborative in nature to that of Mr. Coonrod.

The State's third witness was Tulsa Police Officer Jack Powell, who related the substance of a conversation had with the defendant on October 21, 1975, after giving the standard Miranda statement of constitutional rights and receiving a waiver of rights by the defendant. He stated that in response to an inquiry about the armed robbery of the restaurant, the defendant replied, "Okay, man, I did—we did the 'gig'". Officer Powell then related that he told the defendant the government would not make any deals with the person who did the shooting, to which defendant replied, "Okay, man. I'd better get a lawyer." The officer's testimony recounting the investigation of the crime included finding a ski mask (State's Exhibit No. 21) at the apartment of defendant's sister. He also recovered various items from a small pond a short distance from the apartment, all identified as belonging to the victims of the robbery.

The State's final witness was Marshall Batson, a previous co-defendant who had been granted immunity in exchange for truthful testimony. His testimony of the night's events was substantially as follows. The perpetrators had earlier discussed the purchase of the ski masks, and in the commission of the crime used a car belonging to defendant's sister. The defendant was to go to the front of the restaurant while this witness was to check out the rear, during which time he heard a shot. He looked to the front of the establishment but did not see anyone injured at that time. Shortly thereafter, he witnessed defendant shoot Mr. Coonrod. He identified various State's Exhibits and related that he helped Officer Powell search a field near defendant's home and also related that they found the fruits of the robbery in a small pond therein. He further related an approximately two week flight to avoid arrest during which time he and the defendant visited Sand Springs, Oklahoma, Wagoner County, Oklahoma, and Dallas, Texas. His testimony contained numerous points corroborated by the State's other witnesses. An extensive cross-examination emphasized the granting of immunity, and this witness' participation in the robbery.

Following termination of this testimony, the State rested and the defendant's demurrer was overruled.

The defendant presented no evidence or testimony in his behalf.

■ The defendant's first assignment of error is that his demurrer to the evidence, interposed because Marshall Batson's testimony was insufficiently corroborated to connect the defendant to the crime charged, was improperly overruled. The purpose for requirement of corroboration has long been recognized by this Court; that the testimony of an accomplice tends to be unreliable due to various factors, including revenge and hope for clemency. In an effort to buttress this type of testimony the Legislature enacted 22 O.S.1971, § 742, requiring, "[S]uch other evidence as tends to connect the defendant with the commission of the offense, . . . is not sufficient if it merely show the commission of the offense . . . ." We have no qualms about this statute, and consider its application under certain circumstances to be indispensible.

We do, however, disagree with defendant's proposition that the State failed in its burden of corroboration in the principal case, and therefore rule this contention to be without merit. Voluntary statements by a defendant to a police officer, after having received his Miranda warnings, were held by this Court to be sufficiently corroborative in *Parrott v. State*, Okl.Cr., 522 P.2d 628 (1974). This in itself would be sufficient according to the doctrine espoused in *Brown v. State*, Okl.Cr., 518 P.2d 898 (1974), wherein we held that if testimony by an accomplice is corroborated by one material fact a jury may infer that the accomplice generally speaks the truth. In the principal case the accomplice's testimony was corroborated in several other areas, and the jury had an opportunity to observe the demeanor of the accomplice during cross-examination relating thereto, and assign what credibility they felt appropriate.

It is our position that, taken in sum, this was all competent evidence reasonably tending to sustain the allegations of the charge, and therefore the demurrer to the State's evidence was properly overruled. *Lauhoff v. State*, Okl.Cr., 508 P.2d 285 (1973).

■ The defendant's second assignment of error alleges continuous unprofessional conduct by the prosecuting attorneys during the course of the trial, resulting in passion and prejudice of the jury. Defendant cites several specific instances, some of which we will deal with individually. He first claims that by repeating answers of the witness the prosecution emphasized especially damaging testimony. If this was done flagrantly and with the intent to prejudice the jury or to interject the personal opinion of the prosecutor, we might concur in finding impropriety. However, considering the paucity of these instances revealed by our perusal of the record, and the circumstances under which they occurred, we cannot find such intent.

■ The defendant also objects to the following excerpt from the prosecution's closing argument:

"And then another revealing portion of Officer Powell's testimony, and that is, 'Early, I don't want to talk to you. I won't make you any deals if you were the "shooter".' And what was the response? 'I'd better see a lawyer.' 'I'd better see a lawyer.'" (Tr. 289)

Defendant proposes that we consider this to be a comment on his failure to make a statement, and thus violative of his right to remain silent, citing *Buchanan v. State*, Okl.Cr., 523 P.2d 1134 (1974). However, even though we agree with this contention we do not reach the conclusion that reversal is necessitated. The principal case is distinguishable in that here there is a properly admitted confession, taken before the defendant asserted his right to remain silent. We thus find the decision in *Brown v. State*, Okl.Cr., 544 P.2d 555 (1975), applicable, wherein we held it was error to elicit an answer from a police officer in a similar situation, but harmless in view of otherwise strong evidence. We take cognizance of our holding of presumptively prejudicial error where the prosecutor comments on the defendant's assertion of his right to remain silent in *Burroughs v. State*, Okl.Cr., 528 P.2d 714 (1974), but here rule that sufficient evidence was presented so as not to require reversal.

■ Defendant further alleges various prejudicial and passion provoking statements by the prosecution during closing argument. A longstanding rule in Oklahoma is that found in *Harvell v. State*, Okl. Cr., 395 P.2d 331 (1964), which states:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. . . ." 395 P.2d at 339

We are unable to find that the comments in the record before us are outside our interpretation of the bounds of "liberal freedom" and we therefore find this assignment of error to be without merit.

■ The defendant's final assignment of error is that the trial court erred in denying his requested instructions numbers 1 and 2, both of which pertained to the weight to be given the accomplice's testimony. We have

long adhered to the view set forth in the 11th paragraph of the Syllabus in *Barber v. State,* Okl.Cr., 388 P.2d 320 (1963), that:

"All instructions given by the trial court should be considered, and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant has been prejudiced or deprived of a substantial right, the case will not be reversed on appeal."

Our review of the record and the instructions given by the trial court reveals that defendant has suffered no fundamental error as a result of any deficiency in the instructions. We think the jury was properly apprised of the motivation behind the testimony of Mr. Batson, and considered it in that light. At any rate, we have heretofore held that cross-examination by defense counsel which apprises the jury that the witness has been promised lenient treatment in return for his testimony is sufficient notification to the jury of that aspect of credibility. *Marutzky v. State,* Okl.Cr., 512 P.2d 211 (1973).

For the above and foregoing reasons, it is the opinion of this Court that the judgment and sentence appealed from should be and the same is, hereby, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.