**Robert Eugene SITSLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–77–668.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1979.

John M. Crockett and Ernest R. Brown, Pryor, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Evan A. Douthit, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Robert Eugene Sitsler, was charged, tried and convicted in the District Court of Mayes County, Oklahoma, Case No. CRF–76–101, of the crime of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S. Supp.1973, § 801. In a bifurcated proceeding, the jury returned a verdict of guilty and set the sentence at twenty (20) years.

At about midnight on the evening of May 29, 1976, a man and a woman broke into the cabin of Charles Jackson in Salina, Oklahoma, by tearing the screen door and breaking the door latch. The man was armed with a pistol. Awakened by the intrusion, Jackson confronted the pair, who demanded money from him. He told them he had no money, and they left with a pocket knife, a watch and a radio. Jackson testified that the appellant had robbed him and that the appellant's mother-in-law lived in the second cabin down the road from Jackson. Jackson also testified that he recognized the small orange car in which his assailants departed as one he had seen parked at the mother-in-law's cabin.

Because he did not have a telephone, Jackson did not contact authorities until the next morning, when he called from a nearby drugstore. Investigating the robbery, Mayes County Undersheriff Glen Weaver made a plaster cast of the tire tracks in Mr. Jackson's front yard, and based upon the information in Mr. Jackson's statement, Officer Tom Price of the Salina Police Department and another officer went to the appellant's home. There, they saw an orange Mazda with two bald tires in the driveway. The officers then went to the house and arrested the appellant. The appellant, his wife, and the officers left the residence, and the appellant was taken to the jail in Pryor, Oklahoma, 15 miles away. Officer Price remained in Salina and at Sheriff Weaver's request returned to the appellant's residence to meet the tow truck approximately 20 to 30 minutes after the initial arrest.

When the officer approached the automobile to impound it, he saw a rifle in the back seat and a knife in a cubbyhole in the dashboard. The knife resembled the one taken in the robbery, but the gun had no connection with the crime. Both weapons were taken from the car, and the Mazda was taken to Pryor. No pistol was found in the search.

The appellant's first assignment of error is that this "search" of his car was illegal and that the knife was not admissible as evidence. The State contends, on the other hand, that in the instant case there were sufficient exigent circumstances to justify a warrantless search, in that the search was of an automobile, officers were unavailable to guard the vehicle until a warrant could be obtained, and the appellant's wife, who was also implicated in the robbery, remained after the arrest at the residence where the vehicle was located.

The testimony at trial was that the appellant's wife did not remain at the house after the appellant's arrest. Nor is there anything in the record to indicate that a search incident to the arrest was made of the appellant's residence. Neither the radio nor the pocketwatch was introduced into evidence as having been found at the appellant's residence. The wrecker arrived at Salina 20 to 30 minutes after the appellant's arrest, and during the time between the arrest and the wrecker's arrival, the house and car were not under surveillance. The vehicle was located on private property off the public road.

 The burden is on the State to prove an exception to the requirement that a search be pursuant to a warrant. *Case v. State,* Okl.Cr., 519 P.2d 523 (1974). In the present situation, the State failed to meet that burden, insofar as they left the car unattended for a period of 20 to 30 minutes before the wrecker arrived. We, therefore, cannot conclude that a warrantless search was justified on the ground that it was impractical to obtain a warrant. Neither was the search of the car a proper search incident to a proper arrest, for *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), limits such a search to the arrestee's person and the area "within his immediate control—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), made it clear that where a person is arrested inside his house, a car parked in the driveway cannot be considered to be within the arrestee's immediate control. Therefore, the search of the appellant's automobile was illegal and the

seizure of the knife was also illegal, and it was error to admit it at trial.

 The appellant also contends that he was prejudiced when State's Exhibit No. 2, a chrome-plated pistol, was displayed to the jury as a weapon similar to that used in the robbery. The State admitted during closing argument that the pistol was not the same gun, and it was never introduced into evidence. However, the pistol was displayed freely in the courtroom, and we agree that its presence was prejudicial. See *Spiva v. State,* Okl.Cr., 584 P.2d 1355 (1978).

 The appellant further complains that the plaster cast of tire marks was admitted into evidence without a proper identification and showing of relevancy. The Sheriff did not identify the vehicle as belonging to the appellant or under his control, nor did he testify that the tires on the vehicle matched the plaster cast or that he had the requisite experience to make a comparison in court. The appellant further complains that the State failed to introduce a comparative cast made from the tires of the vehicle.

There was testimony that the car belonged to Willa Dean Sitsler, the appellant's wife. There was also testimony that at the time of the arrest, the front tires of the car were worn smooth and that the rear tires were relatively new. The jury could hear the Sheriff's testimony, look at the tire casts and decide for themselves based on the Sheriff's testimony, the probability that the tire marks in front of Mr. Jackson's house had been left by the car owned by appellant's wife. Assuming a legitimate seizure of the car, the introduction of casts made from the tires of appellant's car might have strengthened significantly the State's case, but the second set of casts was not necessary to authorize the Sheriff's testimony. The Sheriff's testimony was not presented as expert evidence. He merely testified to what he had observed. Therefore, there was no error in allowing the Sheriff's testimony.

We find it unnecessary to discuss the other assignments of error insofar as this conviction must be reversed, because of the illegal seizure of the evidence from the car and the introduction of the illegally seized evidence at the appellant's trial.

For the above and foregoing reasons, the judgment appealed from is *REVERSED* and *REMANDED* for a new trial.

CORNISH, P. J., and BUSSEY, J., concur in results.