Monte Robert CLARK Appellant,

v.

The STATE of Oklahoma, Appellee,

No. F–80–239.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1981.

Reginald D. Gaston, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen. of Okl., David W. Lee, Asst. Atty. Gen., Eric Bret Zwebel, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Monte Robert Clark, was convicted by a jury of Attempted Rape, 21 O.S.1971, §§ 42 and 1114, and sentenced to two (2) years imprisonment. On appeal he first asserts that the evidence was insufficient. This proposition is without merit.

Where the state establishes a prima facie case, the evidence is not insufficient as a matter of law, and conflicts in the evidence raise questions of fact for the jury. *Hunt v. State*, Okl.Cr., 601 P.2d 464 (1979). The testimony of the complaining witness was that appellant got into her vehicle uninvited at a convenience store in Norman, Oklahoma, on the evening of May 7, 1979, and insisted that she give him a ride to his home. When she stopped her vehicle and turned off the ignition at the residence indicated by appellant, he grabbed the keys. He slid next to the victim, squeezed her breast and crotch roughly, and told her they were going to have sex. Appellant took off his shirt and exposed himself. He tried repeatedly to pull her down on the car seat or pull her from the vehicle, but she clung to the steering wheel. He showed her a ring with which he claimed to have knocked a named person's teeth out, and finally produced a butcher knife which he pointed at her. The witness ultimately escaped on foot.

After being warned of his rights, appellant was asked by a police officer summoned to the scene whether he had tried to rape a woman, and he replied "Hell, yeah, I tried to get some." We are convinced that the evidence produced by the state clearly made out a prima facie case of attempted rape.

Appellant's second contention that there was no evidence that the victim was not the wife of appellant is directedly refuted in the record. The complaining witness specifically testified that she was not, nor ever had been, married to the appellant [Tr. 72–73]. This assignment of error is without merit.

As his third assignment of error, appellant contends that the state failed to disclose reports of medical examinations of prosecutrix, despite a pretrial disclosure order by the trial court. This argument is apparently based on testimony by the prosecutrix that she was hospitalized for a week after the attack due to trauma. However, the defense motion for production did not encompass such reports. Moreover, it is not shown that such reports were known to, or possessed by, the state. It seems clear that such evidence could not have affected the verdict, hence there would arise no constitutional error from nondisclosure in the absence of a specific defense request. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Appellant does not allege surprise at prosecutrix's testimony, which was unobjected to at trial. This assignment of error is without merit.

As his final assignment of error, appellant asserts that the trial court declined to grant probation as recommended in the presentence investigation report solely because appellant exercised his right to a jury trial. This proposition is without merit. The granting of a deferred judgment or suspended sentence with probation is within the discretion of the trial court. *Vetter v. State*, Okl.Cr., 506 P.2d 1400 (1973). The trial court reasoned that the criminal behavior in this case, and several previous instances which did not result in convictions, were due to appellant's continuing failure to take medication which helps control his paranoid schizophrenic mental condition. Apparently, the judge felt that confinement would best ensure that the medication was taken, and the public protected. We find no abuse of discretion.

The judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., and CORNISH, J., concur.