Robert James HEFLIN, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–82–24.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1982.

Patti Palmer, Deputy Appellate Public Defender, Norman, for petitioner.

No appearance for the State.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The petitioner pled guilty to the Unlawful Delivery of both Marijuana and Methaqualine, Case No. CRF–81–135, in the District Court of Garfield County. Punishment was assessed at three years' imprisonment on each of the two counts, said sentences to run concurrently. On November 18, 1981, petitioner's application to withdraw his plea of guilty was denied.

The appeal from that denial is predicated on the theory that the trial court abused its discretion in failing to suspend the petitioner's sentences. Three underlying bases are asserted: First, that the court erred in refusing to consider a deferred sentence on the statement by defense counsel that such a sentence was unavailable; second, that the court erroneously considered imposition of a prison term as a deterrent value to the community; and third, that the court imposed an excessive sentence.

■ First, the fact that defense counsel mistakenly believed that his client was ineligible for a deferred sentence is irrelevant to the trial court's decision. In arguing for a suspended sentence, defense counsel made the following brief statement in the middle of a lengthy argument to the court: "I think the nature of the offense precludes the possibility of a deferred." The fact that the trial judge did not stop to correct defense counsel's erroneous conclusion is not proof that the judge suffered under the same misunderstanding. Neither does the petitioner assert pertinent authority in support of his argument.

■ As his second ground for relief, petitioner contends that the trial court improperly considered the factor of deterrence of crime in imposing a prison term. To validate his position, petitioner cites opinions in which this Court has found error when prosecutors commented on the deterrent values of punishment during closing arguments. However those opinions are inapplicable to the issue at hand, where the trial judge was weighing various factors in exercising his discretion to deny the suspended sentence. One thing he considered was the deterrent factor, and this Court does not find that such a consideration indicates an abuse of his authority.

■ Finally, petitioner charges that the sentence imposed was excessive. However, the three years each, to run concurrently, is considerably less than the ten year maximum, which could have been imposed in consecutive terms. The argument is invalid.

■ The granting of a deferred judgment or a suspended sentence is a matter left to the discretion of the trial court. *Clark v. State*, 625 P.2d 119 (Okl.Cr.1981). This Court has a history of refraining from disturbing that decision absent an abuse of discretion *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981). Nevertheless, the petitioner may wish to apply to the district court for a suspended sentence under the provisions of 22 O.S.1981, § 994; and *Neilson v. State*, supra.

The petition for certiorari is DENIED.

BUSSEY, J., concurs in results.

CORNISH, J., concurs.