**Darrell L. GRANT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–83–515.

Court of Criminal Appeals of Oklahoma.

July 23, 1985.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Darrell L. Grant, was convicted of Manslaughter in the First Degree, in the District Court of Garfield County, Case No. CRF–82–416, was sentenced to forty-five (45) years' imprisonment, and he appeals.

On October 11, 1982, Gail Porter and Debra Miller were walking to the Enid State School, where they worked. They happened to see the appellant's car, flagged him down and asked him for a ride to work. He agreed. Once they arrived at the school, Ms. Porter got out of the car to buy some cigarettes. When she returned, no one was in the appellant's car. She turned and saw the appellant coming out of the administrative building with a gun in his hand. Ms. Porter proceeded to enter the building and saw Ms. Miller lying on the floor. The appellant testified that he did not intend to kill Ms. Miller, but he admitted shooting her. Further testimony established that the appellant believed that the victim, his former girlfriend, had recently stolen money from him.

Fred Jordan, the acting chief medical examiner for the State of Oklahoma, performed an autopsy on Ms. Miller's body and testified that it had six (6) bullet wounds in it, which were made by large caliber bullets. Detective Sergeant Gary

Hart, of the Enid Police Department, took photographs of the crime scene which were admitted into evidence.

## I

■ In one of his assignments of error, appellant complains that the trial court abused its discretion in admitting two (2) photographs of the crime scene because they were allegedly not probative of a material issue and any probative value was outweighed by the possibility of prejudice. In the instant case, the photographs are not overly gruesome, there is very little blood observable, there is no grotesque configuration, they are relevant to corroborating the testimony of several witnesses, and they tend to establish the victim's helplessness by depicting the cramped quarters. We are of the opinion that the trial court did not abuse its discretion in ruling that the probative value of the photographs outweighed any possible prejudice to the appellant. *Boutwell v. State*, 659 P.2d 322 (Okl.Cr.1983). This assignment of error is therefore without merit.

## II

■ In another assignment of error, the appellant argues that prosecutorial misconduct throughout the course of the trial deprived him of a fair trial. We disagree. The appellant's brief offers a panoply of alleged instances of misconduct. However, we note from the record that only four (4) instances were objected to at trial; any alleged error arising from the instances which were not objected to is waived. *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979). Moreover, even if they had been properly preserved for review, the unobjected to alleged errors are not such as to require modification or reversal, in view of the overwhelming evidence of appellant's guilt. We will therefore address only the four allegations of misconduct to which proper objections were made at trial.

■ First, the appellant objected to the prosecutor's comment during his opening statement that the photograph of the crime scene would show the victim was pursued because a photograph of a dead body cannot show the victim was pursued before she was killed. We find that the comment was not improper because the fact that Ms. Brown was pursued before she was killed can be reasonably inferred by appellant's testimony that he shot her once in the car, by the testimony of a switchboard operator, at the administration building, that she saw the victim "come flying in the front door," and by the fact that the victim had only one exit from the small room where she was shot five more times (which was depicted in the photograph).

Second, the appellant objected to the prosecutor handing a pistol to a firearms witness, in view of the jury, prior to having it admitted into evidence.

■ To support his argument, the appellant cites two cases which are inapplicable because the facts in those cases are in no way similar to the case at bar. He cites, *Brewer v. State*, 650 P.2d 54 (Okl.Cr.1982) (prosecutor stabbed a picture of the victim four separate times with the murder weapon) and *Sitsler v. State*, 603 P.2d 1142 (Okl.Cr.1979) (the gun displayed was not the weapon used in the crime). In the instant case, the appellant testified that he shot Ms. Miller with the gun in question, a .38 caliber revolver, which was properly connected to the homicide, and the record does not disclose that any improper handling of the weapon occurred at trial. We find that the objection was properly overruled.

■ Third, in a similar argument, the appellant alleges the prosecutor's possession of the weapon for two minutes during his closing argument was error. The appellant fails to cite any authority and fails to demonstrate how he was prejudiced thereby. See, *Sandefur v. State*, 461 P.2d 954 (Okl.Cr.1969). Therefore, this assignment of error is without merit.

■ It is next asserted that error was committed when the prosecutor commented, during closing argument, that the victim was survived by her eleven-year-old

daughter. While we do not condone comments encouraging the jury to allow sympathy, sentiment, or prejudice to influence its decision, see for instance, *Williams v. State*, 658 P.2d 499 (Okl.Cr.1983); *Scott v. State*, 649 P.2d 560 (Okl.Cr.1982), it is our opinion that the comment in the instant case did not affect the verdict of the jury, in view of the overwhelming evidence of guilt.

### III

■ Appellant also asserts that the trial court erred in refusing his requested instruction defining "beyond a reasonable doubt." We disagree. The long standing rule in this jurisdiction is that trial judges should not define the term. See, for instance, *Mayfield v. State*, 17 Okl.Cr. 503, 190 P. 276, 278 (1920); and *Young v. State*, 373 P.2d 273, 278 (Okl.Cr.1962). *Jones v. State*, 554 P.2d 830 (Okl.Cr.1976) is dispositive of this issue.

■ The appellant also contends, in a separate assignment of error, that the trial court erred in refusing his requested instructions on the power of the jury to recommend a deferred or suspended sentence. He fails to support this assignment of error. See *Sandefur*, supra. Moreover, the judge is not required to give such an instruction. See, *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981), appeal dismissed, cert. den., 454 U.S. 1117, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981). This assignment of error is also without merit.

### IV

■ In his fourth assignment of error, the appellant argues that the trial court abused its discretion in refusing to suspend part of his sentence because he maintains there is sound policy for placing first offenders on probation and because the trial court erroneously considered the deterrent factor. First, it is well settled that the determination of whether to grant or deny a suspended sentence, in whole or in part, is addressed to the sound discretion of the trial court, and absent an abuse of that discretion, this Court will not disturb the ruling of the court on appeal. *McDonald v. State*, 497 P.2d 1102 (Okl.Cr. 1972). We find no abuse of discretion. Second, the record discloses that the trial court considered not only the deterrent factor, but also considered a presentence investigation report prior to denying the suspended sentence. In *Heflin v. State*, 651 P.2d 1337 (Okl.Cr.1982), we held that it is not an abuse of authority for the trial court to consider the deterrent factor when weighing other factors as well. Accordingly, we find this assignment of error to be without merit.

### V

■ In his final assignment of error, the appellant alleges that prosecutorial misconduct throughout the trial inflamed the jury into recommending an excessive sentence. The question of excessiveness of punishment is to be determined by the facts and circumstances of each case, and unless the sentence is so excessive that it shocks the conscience of the court, we will not modify a sentence. *Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980); *Failes v. State*, 589 P.2d 1080 (Okl.Cr.1979). In light of overwhelming evidence of appellant's guilt, and the fact that the punishment imposed was well within the range prescribed by law and that the record is free of any error which would justify modification or reversal, we are of the opinion that the punishment imposed is not excessive. This assignment of error is without merit.

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge specially concurring:

Although I concur in the affirmance of the judgment and sentence of the appellant, I must, however, address the issue of the alleged improper conduct on the part of the prosecutor, William B. Maxwell, Assistant District Attorney for Garfield County.

His conduct was precariously close to causing reversible error. I feel compelled to address these actions due to the unique nature of the prosecutor's position in our criminal justice system.

In the first instance of misconduct, the prosecutor was prevented by the timely objection of the defense counsel from circumventing the order of the District Judge suppressing evidence that there were bullets in appellant's car. On cross-examination of the appellant, the prosecutor inquired not only about the type of ammunition loaded in the weapon, but how many rounds were in the revolver. This appeared to be an attempt to elicit an answer from the appellant that would disclose the source of the extra three rounds in the weapon as being loaded in the car prior to the shooting death of D.M.

Two further instances of misconduct occurred during closing arguments. The defense counsel did not object to these comments, and therefore, they were reviewed by this Court for fundamental error only.

As this Court stated in *Tobler v. State*, 688 P.2d 350, (Okl.Cr.1984), it is improper for the prosecution to make pleas to the jury for sympathy for the victim and her eleven year old daughter. It is totally contrary to the *ABA Standards for Criminal Justice*, §§ 3–5.8(C) (1980), adopted by this Court in *Dupree v. State*, 514 P.2d 425 (Okl.Cr.1973), and *Ray v. State*, 510 P.2d 1395 (Okl.Cr.1973), which states:

> (c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.

Furthermore, pursuant to the Oklahoma Code of Professional Responsibility, it is the primary duty of a lawyer engaged in public prosecution to see that *justice is done, and not to convict.* 5 O.S., Ch. 1, App. 3, Cannon 5 (1981). (Emphasis added).

Finally, the prosecutor came perilously close to reversible error in his arguments concerning how the jury should handle the manslaughter instruction given by the trial judge. Conduct of this nature is unnecessary, intolerable and unprofessional. *See Tobler v. State, supra.*

However, in light of the overwhelming evidence of guilt and the failure to preserve many of the comments for review, and the lack of a showing of prejudice, it is unnecessary to modify or reverse this conviction. *Deason v. State*, 576 P.2d 778 (Okl.Cr.1978); *Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980); *Gay v. State*, 558 P.2d 1187 (Okl.Cr.1977).